IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **ADVANCED ENGINEERING SOLUTIONS, INC.** | * | CASE NO.: 1:12 cv 67 |
| | * | LITKOVITZ, M.J ; J. BECKWITH |
| Plaintiff | * | |
| -vs- | | **STIPULATED PROTECTIVE** |
| | * | **ORDER** |
| **ADVANCED CAST STONE** | | |
| Defendant | | |

WHEREAS, Plaintiff Advanced Engineering Solutions, Inc. ("AESI") and Defendant Advanced Cast Stone, Inc. ("ACSI") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between them ("this lawsuit"), the parties may be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS the parties, through counsel, have stipulated to entry of this Stipulated Protective Order and Approved Confidentiality Agreement ("Protective Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information and materials; and

WHEREAS the parties agree that this Protective Order shall be effective and binding throughout all proceedings relating to this lawsuit, and shall apply to all discovery in this lawsuit, including discovery of non-parties.

IT IS HEREBY ORDERED AS FOLLOWS:

1. All information produced by the parties in the course of this case shall be used solely for the purpose of preparation and trial of this lawsuit.

2. A party or parties who are producing, using or disclosing ("producing party") information or documents (as defined by Fed. R. Civ. P. 34(a)) or any summaries or compilations derived there from, including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of format ("Discovery Material") may designate the Discovery Material produced, used or disclosed in connection with this lawsuit as "CONFIDENTIAL" subject to the protections and requirements of this Protective Order, if so designated in writing to the other parties, or orally if recorded as part of a deposition, pursuant to the terms of this Protective Order.

3. Discovery Material that a producing party in good faith believes constitute, contain, or refer to information that is a trade secret or other confidential, personal or proprietary information that is not in the public domain and is not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations, may be designated as "CONFIDENTIAL."

4. Any Discovery Material designated as "CONFIDENTIAL" shall be maintained as confidential, not to be disclosed, and shall be used by the party or parties

receiving such Discovery Material ("receiving party") solely in connection with this lawsuit and shall not be disclosed to anyone other than:

    a.    The parties and their counsel and said counsel's partners, associates, employees, and agents to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel will hold all Discovery Material designated as "CONFIDENTIAL" in confidence and will not disclose it to any other person not authorized to receive it under this Protective Order unless the information is used for pretrial matters, trial preparation, or at hearing, mediation, arbitration, or trial;

    b.    Any expert or consultant retained by a party or its counsel to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance, provided the attorneys of record must inform each such person that the Discovery Material to be disclosed had been designated "CONFIDENTIAL," must be held in confidence, and must be used solely for the purpose of preparing for and presenting evidence in this litigation, and the expert or consultant has signed a Declaration in the form of Exhibit A, attached;

c. Any person whose testimony is taken or may be taken in this litigation, but only to the extent that such disclosure is necessary for the conduct of this litigation; and provided further, that such a person may only be shown copies of Discovery Material designated as "CONFIDENTIAL" during his or her testimony or in consultation with counsel in preparing for such testimony, and may not retain any such documents or copies, summaries or extracts thereof, and that such person has signed a Declaration in the form of Exhibit A, attached;

d. Court reporters performing their official duties; and

e. This Court or any other court to which any appeal of this litigation is taken.

f. Any other person or tribunal considering this matter, including but not limited to mediator(s) and/or arbitrator(s).

5. In the case of a document or thing, a designation of "CONFIDENTIAL" shall be accomplished by marking every page of the document or conspicuously marking the thing with the appropriate legend "CONFIDENTIAL" in a manner that shall not interfere with the legibility of the information contained in the Discovery Material.

6. As set forth in this paragraph and its subparts, information conveyed or discussed in testimony at a deposition shall be subject to this Protective Order, provided that

it is designated as "CONFIDENTIAL" orally or in writing either at the time of the deposition or after receipt by the parties of the transcript.

    a. For such time as any Discovery Material designated "CONFIDENTIAL" are disclosed in a deposition, the party whose information or document is to be disclosed shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

    b. In the event that a party believes that "CONFIDENTIAL" information will be disclosed during a deposition, counsel for the party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL."

    c. A party shall have ten (10) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL," as appropriate. If, within such ten (10) days, no party designates in writing certain portions of the transcript as "CONFIDENTIAL," all parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality.

    d. Any transcript containing material designated as "CONFIDENTIAL," including exhibits thereto, shall be

marked on its cover as "CONFIDENTIAL," whichever is appropriate, and the portions of the transcript or exhibits reflecting such information shall be stamped "CONFIDENTIAL," whichever is appropriate, and access thereto shall be limited pursuant to the terms of this Protective Order.

7. In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION" and the portion of the report reflecting such information shall be stamped "CONTAINS CONFIDENTIAL INFORMATION" and access thereto shall be limited pursuant to the terms of this Protective Order. The party retaining the expert shall be responsible for the initial stamping of such report. The party retaining the expert shall also reserve a redacted version of the report that does not contain any Discovery Material designated as "CONFIDENTIAL."

8. Nothing in this Protective Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding shall be addressed by this Court at the appropriate time. Counsel for the parties agree to confer in good faith about procedures for handling Discovery Material designated "CONFIDENTIAL" during trial or any hearing in open Court of this action, including the possibility of an additional order.

9. Nothing shall be designated as "CONFIDENTIAL" if it is information that:

    a. is in the public domain at the time of disclosure;

    b. becomes part of the public domain through no action or fault of the other parties, the receiving party, or counsel, or any expert, or other person to whom disclosure is permitted pursuant to this Protective Order;

    c. was in the rightful and lawful possession of the receiving party at the time of disclosure on a non-confidential basis from a source other than the producing party, provided that such source is not bound by a confidentiality agreement with the producing party; or

    d. is lawfully received by the receiving party at a later date from a party without restriction as to disclosure, provided such party has the right to make the disclosure to the receiving party.

10. The failure of a producing party to designate Discovery Material as "CONFIDENTIAL" in accordance with this Order, and the failure of a receiving party to object to such a designation, shall not preclude the party at a later time from subsequently designating or objecting to the designation of such Discovery Material as "CONFIDENTIAL." The parties understand and acknowledge that a producing party's failure to designate Discovery Material as "CONFIDENTIAL" at or within the time specified in this Protective Order relieves the other parties of any obligation of confidentiality until the designation is actually made.

11. Unless otherwise required by the Court, whenever any document designated as "CONFIDENTIAL" or any pleading containing "CONFIDENTIAL" information is filed with the Court, the party submitting such document or pleading shall file a motion for leave to file under seal, and shall do so in accordance with S.D. Ohio Civ. R. 79.3.

12. Unless otherwise permitted, within sixty (60) days after the conclusion of this lawsuit, including all appeals therefrom, all documents designated as "CONFIDENTIAL," all copies of documents designated as "CONFIDENTIAL," and all excerpts therefrom in the possession, custody or control of the receiving parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this paragraph have been completed.

13. Notwithstanding anything in this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not prohibit the disclosure by any party of any Discovery Material required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the Discovery Material designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance written notice of any such requested disclosure to the counsel of the other party or parties to afford that the

original producing party the opportunity to seek legal protection from the disclosure of such Discovery Material.

14. This Protective Order shall be without prejudice to the right of any party:

    a. to have determined by motion, at any time, whether any Discovery Material has been improperly designated as "CONFIDENTIAL," in which event, the producing party shall have the burden of establishing the confidentiality of the Discovery Material; and

    b. to apply to the Court for relief from any of the requirements of this Protective Order, for good cause.

15. In the event that any Discovery Material designated as "CONFIDENTIAL" is disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the party who disclosed the Discovery Material ("disclosing party") shall use its best efforts to bind such person to the terms of this Protective Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the party or nonparty that designated the document as "CONFIDENTIAL"; and (c) request such person to sign a Declaration in the form of Exhibit A. If the person does not sign such a Declaration within ten (10) days of the request, then the disclosing party shall promptly notify in writing the party or nonparty designating the Discovery Material as "CONFIDENTIAL" of that fact.

16. The inadvertent production or disclosure of any document (including but not limited to e-mail or other electronic documents) or thing otherwise protected by the

attorney-client privilege or work-product protection (as defined by Fed. R. Evid. 502(g)) ("Disclosed Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information or its subject matter. The producing party shall assert in writing the attorney-client privilege or work product protection with respect to the Disclosed Protected Information. The receiving party shall, within five (5) business days of receipt of that writing, return or destroy the Disclosed Protected Information and any and all copies thereof or references thereto and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

    a. If the receiving party disputes and wishes to contest that any such Disclosed Protected Information was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing.

    b. Within fifteen (15) days after receiving such notification, the producing party shall provide to the receiving parties a list identifying all such returned Disclosed Protected Information and stating the basis for the claim of privilege or immunity.

    c. Within fourteen (14) days of receiving such a list, the receiving party or parties may file a motion to compel production of such Disclosed Protected Information, the protection of which is still disputed (a "Privilege Motion"). If a Privilege Motion is filed,

the producing party shall have the burden of proving that the Disclosed Protected Information in dispute is protected by the attorney-client privilege or by work-product immunity. The Privilege Motion shall be filed under seal and shall not assert as a ground for compelling production the fact or circumstances of inadvertent production.

d. With respect to Disclosed Protected Information subsequently generated by a receiving party, which derivative Disclosed Protected Information contains information derived from such inadvertently produced Disclosed Protected Information, if the receiving party does not obtain an order compelling production pursuant to a timely filed Privilege Motion, the receiving party shall, within five (5) business days after learning of the denial of the Privilege Motion, either destroy the derivative Disclosed Protected Information or redact from them all such derivative privileged or work-product information in a manner such that the derivative privileged or work-product information cannot in any way be retrieved, inferred or reproduced.

e. Nothing in this paragraph shall limit a party's ability to assert to the Court that a disclosing party's affirmative use of Disclosed Protected Information in this litigation in fairness requires disclosure of privileged or work product protected information pursuant to Fed. R. Evid. 106 or 502(a).

17. The attorneys of record for the respective receiving parties shall retain the original, executed Declarations (in the form of Exhibit A, attached) that have been executed by any person required to execute one pursuant to this Protective Order.

18. If discovery is sought of a person or entity not a party to this lawsuit ("third party") requiring disclosure of such third party's information that may properly be designated "CONFIDENTIAL," the third party may designate such information "CONFIDENTIAL," and it will be accorded the same protection as the parties' "CONFIDENTIAL" information.

19. All references to "days" in this Protective Order shall be construed as calendar days unless specifically identified as otherwise. If the last day of the period falls on a Saturday, Sunday or legal holiday, the due date is the next business day.

20. The parties agree to abide by and be bound by the terms of this Protective Order upon signature as if the Protective Order had been entered on that date.

21. This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the parties, collectively shall be deemed to be the original.

22. Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to all counsel of record for the party to whom notice is required to be given.

23. In the event that anyone violates or threatens to violate the terms of this Protective Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the

aggrieved party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense that the aggrieved party possesses an adequate remedy at law.

24. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential, or a trade secret.

25. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Protective Order. This Protective Order shall survive the final disposition of this lawsuit, by judgment, dismissal, settlement, or otherwise.

26. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

SO ORDERED this _13_ day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

THIS PROTECTIVE ORDER IS
STIPULATED TO AND AGREED BY:


/s/ Michael W. Sandner
Michael W. Sandner   (0064107
PICKREL SCHAEFFER & EBELING CO.
40 North Main Street, Suite 2700
Dayton, Ohio 45423-2700
Telephone: (937) 223-1130
Facsimile: (937) 223-0339
Email: msandner@pselaw.com

Attorney for Plaintiff
Advanced Engineering Solutions, Inc.

Dated: 11/05/12

/s/ Per authority on 11/05/12
Peter D. Welin   (0040762)
Jason R. Harley   (0083761)
WELIN O'SHAUGHNESSY SCHEAF
240 N. Fifth Street, Suite 300
Columbus, Ohio 43215
Telephone: (614) 484-0701
Email: pete.welin@wos-law.com
       jason.harley@wos-law.com

Attorneys for Defendant
Advanced Cast Stone, Inc.

Dated: 11/05/12

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **ADVANCED ENGINEERING SOLUTIONS, INC.** | * | **CASE NO.: 1:12 cv 67** |
| | * | **LITKOVITZ, M.J ; J. BECKWITH** |
| **Plaintiff** | * | |
| -vs- | * | |
| **ADVANCED CAST STONE** | | |
| **Defendant** | | |

_____, declares and undertakes as follows:

    1.    My address is _____

_____.

    2.    My present employer is _____.

    3.    My present occupation or job description

is _____.

    4.    I have received and read a copy of the Stipulated Protective Order entered by this Court in the lawsuit identified in the above caption (the "Protective Order"). I am familiar with its terms and conditions. I agree to comply with and to be bound by each of

**EXHIBIT A**

the terms and conditions of the Protective Order and by such other orders as may be made by the Court. In particular, I agree to hold in confidence, in accordance with the requirements of the Protective Order, any information and material disclosed to me pursuant to the Protective Order and, unless permitted by further order of the Court, not to communicate the contents of such information and material to any person other than a person permitted access pursuant to the terms of the Protective Order.

5. To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

6. I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

7. I declare under penalty of perjury that all of the above declarations are true and correct.

DATED: _____

SIGNATURE:_____